# SUPREME COURT — SPECIAL TERM — NEW YORK.

## April 2, 1924.

# THE PEOPLE v. HENRY WERBLOW.

(123 Misc. 204.)

(1) GRAND LARCENY BY FALSE PRETENSES—EXAMINATION OF WITNESSES IN FOREIGN COUNTRY BY COMMISSION—ONLY RESTRICTION IS THAT DEFENDANT SHALL MAKE THE FIRST MOVE.

Under the provisions of the Code of Criminal Procedure (§§ 636-657) relating to the examination of witnesses in a foreign country by com-mission the only restriction on the people's right to such examination is that the defendant shall make the first move. He can prevent the taking by the people of any evidence by commission by not seeking it in the first instance himself. Once he opens the door a similar course can be availed of by the district attorney and the method to be employed by each as to examination and cross-examination is the same.

(2) SAME—CODE CRIM. PRO. § 643.

The provision of section 643 of the Code of Criminal Procedure "that the people be permitted to join in the commission and to examine witnesses in support of the indictment" should not be construed as authorizing the prosecution to examine those witnesses only whose depositions have been applied for by the defendant.

(3) SAME—WHERE CRIME PARTIALLY COMMITTED IN NEW YORK COUNTY, PENAL LAW, § 1930, SUB. 1, IS SATISFIED AND COURTS OF THAT COUNTY HAVE JURISDICTION.

Where the false pretenses forming the basis of a charge of grand larceny were made in China and in London and the obtaining of property thereby was later consummated in London but the plans, means and preparations to effect the purpose were made in New York county and the concealment of the proceeds occurred in said county, the crime of grand larceny by false pretenses was partially committed in said county, thereby satisfying subdivision 1 of section 1930 of the Penal Law and conferring jurisdiction on the courts of said county.

(4) SAME.

Preparation is always an essential part of the crime where the offense is completed, even though the final state of the crime itself is con-summated in a different place from where the preparation is made.

MOTION upon an application for a certificate of reasonable doubt.

*Joab H. Banton, District Attorney (Hugo Witner, of counsel), for the People.*

*George Gordon Battle,* for the defendant.

WAGNER, J.:

Prior to the trial an order was entered in the Court of General Sessions for a commission to issue, directed to a proper authority in China, to examine in that country under oath upon interrogatories certain witnesses on behalf of the defendant. Subsequently a stipulation was entered into between the attorneys for the defendant and the district attorney, wherein it was consented and agreed that the district attorney might make his application to join in the commission and to examine witnesses on behalf of the prosecution in support of the indictment, other than the witnesses to be examined by the defendant, with the same force and effect as if the said commission had not been theretofore transmitted, with the proviso that the defendant denied and contested the right of the prosecuting officer under the Constitution of the State of New York and its laws to examine any witnesses under said commission in support of the indictment, other than the right to cross-examine the witnesses sought to be examined therein on defendant's behalf. Thereafter the order was amended *nunc pro tunc* giving the People the right to examine certain witnesses to prove the prosecution's case. The defendant refused to cross-examine said witnesses, and ever since—including the trial, when the same were read—has reserved his right of objection thereto by appropriate protest and exception.

The point here raised involves the interpretation of the Code of Criminal Procedure, section 643, and its adjacent sections (§§ 636-657) respecting the examination of witnesses by com-

mission. The defendant argues that in criminal cases the defendant has from common-law times been entitled to the right of confronting and cross-examining the witnesses against him, citing the 6th amendment of the federal Constitution affording such right and similar provisions in the Constitutions of forty of our states, evidencing the particular importance and sanctity of such right. Our State Constitution has no such provision. The right here is a statutory one which the legislature has created in article 2 of the Civil Rights Law, section 12, reiterated in the Code of Criminal Procedure, section 8, subdivision 3, with exceptions thereto noted not pertinent to this discussion. The 6th amendment of the federal Constitution cannot control State action since it is part of the federal Bill of Rights. The defendants' claim is that the right to take the commission inheres only to the defendant; that the words of the section "that the People be permitted to join in the commission and to examine witnesses in support of the indictment" are to be construed as authorizing the prosecution to examine those witnesses only whose depositions have been applied for by the defendant; in other words, that the prosecution would have the right to cross-examine such witnesses and, also, an additional right to examine them in chief as well. Support for this construction, it is claimed, rests on the absence of any necessity on the part of the prosecution by the requirements of the section to give the names of its witnesses or the materiality of their testimony, as defendant must do when seeking that right, and secondly, from the fact that the three exceptions of section 8, where confrontation is not required, being specifically noted, indicate that if the legislature had intended an exception to apply in this instance it would have likewise contained such exception therein, and, finally, that had such been the legislative intent it would have manifested itself by the inclusion of the word "other" or "additional" as applied to the word "witnesses" appearing in that section.

In my opinion the defendant fails to appreciate the exact

meaning of the doctrine of confrontation. The statute providing for the right, by the exceptions there stated, clearly indicates the opinion of the law-making authorities upon the extent of such right. All that it means is that the defendant shall be given a right and fair opportunity, not necessarily in court, to cross-examine the witnesses either himself or by counsel. The provision allowing the defendant permission to serve cross interrogatories not alone demonstrates that such right is afforded; it goes further, in that it indicates that other than defendant's witnesses can be examined. The only restriction on the People's right is this—that the defendant shall make the first move. He can prevent the taking of any evidence by commission by not seeking it in the first instance himself. Once he opens the door, a similar course can be availed of by the district attorney, and the method to be employed by each as to examination and cross-examination is the same. The lack of any provision in the section for a showing of the materiality of the proposed evidence to be adduced by the People's witnesses indicates nothing other than a desire to avoid useless repetition of language, and the use of the plural as applied to the People's witnesses in comparison with the singular use of the word in the early part of the section is conclusive that the witnesses therein referred to were not considered identical, obviating the necessity of such words as suggested by defendant. Indeed, the word " confrontation " is itself oftentimes misleading and, consequently, misunderstood. The growth of the right as history reveals it accurately describes its content. Hearsay evidence, in time, was denied reception. *Ex parte* statements were rejected because an opportunity for subjecting the assertions of the witness to the test of cross-examination was considered paramount and essential as a safeguard against perjury. There was no distinction between confrontation and cross-examination. The right to the latter was undeniable and secured only by means of the former. In reality it is an instance of the same right.

exemplified by different terms. The section here involved distinctly gives such right; to more the defendant is not entitled in law.

The right of this county to indict and try the defendant on the charge stated is denied on jurisdictional grounds, namely, that since the offense charged is grand larceny by false pretenses, consisting of the making of the false pretenses and the obtaining of property thereby; and since the former were made in China and in London, and the latter consummated in London, this county was devoid of jurisdiction to prosecute the crime. If the crime was partially committed here, the Penal Law, section 1930, subdivision 1, is satisfied and jurisdiction is present. The facts show that it was. The plan, means and preparation to effect the purpose were here made; the instrument to effect it was here fashioned; the concealment of the proceeds occurred here. People v. Licenziata, 199 App. Div. 106, 110, is controlling. Preparation is always an essential part of a crime where the offense is completed, even though the final state of the crime itself is consummated in a different place from where the preparation is made.

Motion for certificate of reasonable doubt is denied.

Ordered accordingly.