THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARTIN J. PARKINSON and WILLIAM J. MCGEORY, Defendants.

Court of General Sessions of County of New York, May 16, 1946.

*Frank S. Hogan, District Attorney (Alexander Dreiband* of counsel), for plaintiff.

*Lawrence S. Hazzard* for Martin J. Parkinson, defendant.

*Sidney A. Syme* for William J. McGeory, defendant.

GOLDSTEIN, J. The District Attorney, on order to show cause, applies to the court to amend and modify an order made on July 15, 1943, so as to permit the People to examine, by deposition, William W. Anderson, residing at Calvert, Texas.

The defendants oppose the granting of the motion and urge: (1) That the granting of the motion would violate the constitutional rights of the defendants to be confronted with the witnesses against them, and (2) that the Code of Criminal

Procedure " is barren of any provision permitting the application by the People for an order to examine witnesses by commission."

The defendants concede " it is true that if a defendant applies to examine a witness, the People must be permitted to join in the commission " but urge " that in such instance the People are confined to cross-examination by interrogatories of the witness or witnesses whose examination is sought by the defendant."

The facts pertinent to this application are as follows: The indictment against the defendants was filed on May 17, 1943, charging them with the crimes of extortion and attempted extortion.

On June 21, 1943, the defendants applied for an order to examine Lelard D. Crawford, residing at San Bernardino, California, as a witness in behalf of the defendants through the issuance of a commission. On July 15, 1943, an order was entered granting the defendants' motion to take that deposition.

Pursuant to the order, the commission was executed and returned to the clerk of this court.

The Honorable SAUL S. STREIT granted the People's motion for a special jury panel and set the trial date for May 20, 1946, in Part 7 of this court.

In the course of the District Attorney's preparation for trial he learned that a material witness, William W. Anderson, a resident of Calvert, Texas, was suffering from an illness that would permanently prevent his attendance at the trial in New York and because of this now moves to amend and modify the order dated July 15, 1943, to permit the People to join in the commission issued under said order so as to examine the witness Anderson in support of the indictment.

Section 12 of the Civil Rights Law reads as follows: " In all criminal prosecutions, the accused has a right to a speedy and public trial, by an impartial jury, and is entitled to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; and to have compulsory process for obtaining witnesses in his favor."

In 1938, the provision of section 12 of the Civil Rights Law relating to the accused's right to be confronted with the witnesses against him was by amendment incorporated in the Constitution of the State of New York (N. Y. Const., art. I, § 6). At the time of the constitutional amendment, section 643 of the Code of Criminal Procedure provided that where it

appeared " necessary to the attainment of justice ", the defendant might examine witnesses residing out of the State by commission, and the same section further provided " that the people be permitted to join in the commission, and to examine witnesses in support of the indictment."

The constitutional amendment did not invalidate chapter IV of title XII of part IV of the Code of Criminal Procedure (§§ 636–657) concerning the examination of witnesses by commission. The law respecting the accused's right to be confronted by the witnesses against him, granted to him by section 12 of the Civil Rights Law, was not changed by the constitutional amendment.

" The right of confrontation imports and confers the right of cross-examination. When that right was added to our State Constitution, there was eliminated the possibility of its deprivation by legislative act. When we interpret that addition to the Constitution, we must do so in the light of the law as it existed at the time of the change. Any exceptions to the right of confrontation or cross-examination existing prior to the adoption of the State constitutional provision and not contrary to its spirit, must be respected." (*People* v. *Nisonoff*, 293 N. Y. 597, 601.)

The language of section 643 clearly indicates that the People are not limited to examine only those witnesses sought to be examined by the defendant. The only limitation under the sections of said chapter IV of the Code of Criminal Procedure is that the defendant must in the first instance apply for an order that the witness be examined on a commission. If the defendant makes no such application, the People cannot take testimony by commission. If the defendant opens the door by applying for testimony by commission, then the People are permitted " to examine witnesses in support of the indictment." The door having been opened by the defendants' application to examine a witness by commission, the People are not limited to an examination of the defendants' witness, nor may the door be closed to deprive the People of the right afforded the District Attorney to examine other witnesses as provided in section 643 of the Code of Criminal Procedure. (*People* v. *Werblow*, 123 Misc. 204, revd. on other grounds 241 N. Y. 55.)

Deeming it necessary to the attainment of justice, I grant the motion to amend the order entered by me on July 15, 1943, so as to permit the examination of the witness, William W. Anderson, at Calvert, Texas.

In course of the oral argument of this motion, counsel for the defendants urged that if I granted the motion the commission should be an open one rather than on written interrogatories.

Section 636 of the Code of Criminal Procedure provides for the examination of witnesses as prescribed in said chapter IV of the Code of Criminal Procedure, " *and not otherwise.*" (Italics supplied.) The balance of the chapter makes no provision for an open commission. However, if the defendants sign a waiver of the limitation of chapter IV that commissions should be had only by written interrogatories, then I will grant their request for an open commission. The waiver as to written interrogatories may, however, provide for reserving to the defendants their right on appeal to test their claims that the examination of the witness Anderson violates their constitutional rights or is an abuse of judicial discretion.

Motion granted. Settle order on notice.