ZITA HOGAN, as Administratrix of the Estate of JOSEPH P. HOGAN, Deceased, Respondent, v. WOODSIDE CENTER CORPORATION et al., Defendants, and PORETE MANUFACTURING COMPANY, Appellant.— Order denying motion to set aside the service of the summons and complaint on the grounds that appellant, a foreign corporation, is not engaged in business within this State, and that the person served is not an officer, director or managing agent of that corporation, affirmed, with $10 costs and disbursements, with leave to appellant to answer within ten days after the entry of the order hereon. In our opinion this record establishes that appellant is engaged in business in the State of New York (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 268; *Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.*, 299 N. Y. 208, 210; *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79, 86); that its employee served with the summons is its managing agent within the State (*Siless* v. *Reading Maid Hosiery Mills*, 242 App. Div. 803); and that the service of the summons was made in compliance with subdivision 3 of section 229 of the Civil Practice Act. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur. [See *post*, p. 1025.]

In the Matter of the Accounting of GRACE E. MAHON, as Executrix of MARSTON S. BRAGDON, Deceased, Appellant. DIXON L. BEAUCHAMP et al., Respondents.— In a compulsory accounting proceeding, respondents filed objections to the account including one directed to a claim asserted by the executrix against the estate. This is an appeal by the executrix from an order granting respondents' motion to vacate a demand filed by the executrix for a jury trial of the issues involved in that objection. Order affirmed, with $10 costs and disbursements, payable by the executrix personally. No opinion. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

In the Matter of the Accounting of VIOLA J. FEIT et al., as Executrices of MOE FEIT, Deceased, Respondents. HARRY L. JACOBS, Appellant.— Order of the Surrogate's Court of Nassau County insofar as appealed from, disallowing the claim of Harry L. Jacobs to the extent of $1,000 against the estate of the decedent unanimously affirmed, without costs. In taking the proof in respect of these claims, resort was had to subdivision 9 of section 32 of the Surrogate's Court Act. The taking of such proof before a person designated as prescribed therein, in the exercise of discretion, should be confined to situations where there is no contested issue of fact or where section 347 of the Civil Practice Act is validly waived. It should not be used where there is a contested issue of fact, the resolving of which is dependent upon the credibility of witnesses or the admissibility or inadmissibility of testimony under section 347 of the Civil Practice Act. Present— Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ. [See *post*, p. 972.]