In the Matter of the Estate of ALEXANDRA NOWAKOWSKI, Deceased. FELIX NOWAKOWSKI, Appellant; LOUIS SZCZUKOWSKI et al., as Executors of ALEXANDRA NOWAKOWSKI, Deceased, Respondents.

Fourth Department, September 29, 1954.

*Edward D. Siemer* for appellant.

*Samuel E. Chasin* and *John J. Nasca* for respondents.

KIMBALL, J.  This is an appeal from a decree of the Surrogate's Court of the County of Erie which adjudged that the waiver and release of the appellant's right of election to take against his deceased wife's will is valid.  The appellant and the testatrix remained husband and wife until the death of the wife and we agree with the Surrogate's Court that there was no abandonment by the husband.  That contention was not pressed by the appellant on this appeal.  His point is that the Surrogate's Court should have found the testatrix guilty of a constructive fraud which voided the waiver and release.  A presumption of fraud will only arise between persons standing in a mutual relationship of trust and confidence, as in the case of a husband and wife, where there is evidence of some overreaching, misrepresentation or deceit by reason of which there

was advantage gained by the one who deceived or detriment to the one who was deceived. In the absence of such evidence, fraud will not be presumed. (See *Matter of Phillips,* 293 N. Y. 483, 491.)

In the instant case, the question of fraud and misrepresentation on the part of the wife was one of fact and we think the decision made, upon the evidence, was correct. The only evidence from which the inference of fraud could be drawn was the testimony of the appellant. His credibility was a fact question for the determination of the trier of the facts. His own testimony was such that it appears quite improbable, if not incredible, that he was deceived into believing he was executing anything but a waiver and release of his right of election. None of the other evidence lends support to his contention. We are of the opinion that the decree should be affirmed.

Another matter was brought to our attention by the appellant's brief and by statements of counsel upon the argument of this appeal. The brief recites: '' After a trial before the *Clerk* of the Surrogate's Court of Erie County ''. (Italics supplied.) Upon the oral argument, upon questioning by the court, there appeared reason to believe that the Surrogate did not conduct the trial but that this very important contested proceeding was heard by a clerk of the court who passed upon the admissibility of the evidence and other matters of law which a presiding judge is required to do upon the trial of any action or proceeding. The record shows that the Surrogate presided and that it was the Surrogate who made and signed the decision. The attorneys for the parties stipulated the record and neither side has raised the question as to the validity or nullity of the trial. We feel bound by the record. However, if the record showed that the trial was conducted, not by the judicial officer whose duty it was to hear, try and determine the matter, we could do nothing but declare the trial to be a nullity and the decree void. A clerk of the Surrogate's Court is invested, by statute, with certain powers. (Surrogate's Ct. Act, § 32.) Among such powers we do not find any legislative authority to the clerk to hear, try and determine contested proceedings. We could well question the constitutional validity of any legislation which gave such power to a clerk. The surrogate is a judicial officer of a constitutional court. (N. Y. Const., art. VI, § 13.) We know of no authority by which the surrogate may confer his judicial powers to hear, try and determine upon some appointed clerk in his office. In the instant case, the question of credibility of one or more witnesses was very important to the determina-

tion of the facts. All judges know that the appearance of a witness upon examination and cross-examination, the attitude of a witness before the court and his demeanor are matters to be taken into consideration in testing the veracity of such witness and in determining the weight to be given to his testimony. It is a basic duty of a judge, including surrogates, to see and hear all witnesses upon the trial of contested actions or proceedings. The abrogation of such duty is in conflict with the constitutional oath of office which each is required to take.

The decree should be affirmed.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Decree affirmed, without costs of this appeal to any party.