In the Matter of the Estate of ALEXANDRA NOWAKOWSKI, Deceased. FELIX NOWAKOWSKI, Appellant; LOUIS SZCZUKOWSKI et al., as Executors of ALEXANDRA NOWAKOWSKI, Deceased, Respondents.

Fourth Department, March 14, 1956.

---

\* " To the plaint that such a ruling will result in reversal of a conviction of one clearly proved guilty, it is sufficient to say that decision herein far transcends the issue of Jelke's guilt or the disposition of this particular case. As one court has expressed it (*People* v. *Murray, supra,* 89 Mich. 276, 286), ' It is for the protection of all persons accused of crime — the innocently accused, that they may not become the victim of an unjust prosecution, as well as the guilty, that they may be awarded a fair trial — that one rule [as to public trials] must be observed and applied to all ' " (pp. 67-68).

*Edward D. Siemer* for appellant.

*John J. Nasca* for respondents.

KIMBALL, J. We heretofore affirmed the decree of the Surrogate's Court upon the merits (*Matter of Nowakowski,* 284 App. Div. 655). At that time, a question arose as to whether the trial had was one before the Surrogate or before a clerk in his office and whether the determination embodied in the decree was that of the Surrogate. We stated that we were bound by the stipulated record. By way of dictum, our opinion pointed out that the trial of a contested proceeding in the Surrogate's Court could not be conducted by a clerk of the court. We said, in reference to section 32 of the Surrogate's Court Act, which defines certain powers of clerks and other officers of the Surrogate's Court: ''Among such powers we do not find any legislative authority to the clerk to hear, try and determine contested proceedings. * * * We know of no authority by which the surrogate may confer his judicial powers to hear, try and determine upon some appointed clerk in his office.'' Subsequent to an order of this court to permit the correction of the record (286 App. Div. 951), we granted the appellant a reargument upon the corrected record, solely upon the jurisdictional question raised in reference to the trial, i.e., whether the trial which would include the determination was had before the Surrogate or the clerk.

The corrected record now before us shows that the several witnesses were sworn and testified before the clerk; that the Surrogate did not see or hear the witnesses; that the clerk ruled upon the objections and that the title of the matter was followed by ''Proceeding before Hon. John L. O'Day, Clerk of Surrogate's Court ''. The corrected record, however, shows that the written decision of six pages was signed by '' Christy J. Buscaglia, Surrogate '' and that said Surrogate presided at a court on the 28th day of January, 1953, when the decree was made and signed by said '' Christy J. Buscaglia, Surrogate.'' We must give effect to the presumption of regularity of the proceedings in the Surrogate's Court. In the absence of proof to the contrary, it must be presumed that the Surrogate, upon the testimony reported to him, approved the rulings of the clerk, satisfied himself as to the facts, made the decision and signed the decree. Pursuant to subdivision 10 of section 32 of the Surrogate's Court Act, the Surrogate had statutory authority to direct the clerk to take under oath and report the

testimony in the proceeding. The clerk was without authority to pass upon the issues or make a determination. While the record does not contain any notation that the Surrogate directed the clerk to take and report the testimony nor that the clerk reported the testimony to the Surrogate, it is presumed that such was the case. There was, of course, no " proceeding " before the clerk. The " proceeding " was pending in the Surrogate's Court and the trial and determination thereof was solely within the jurisdiction of the Surrogate. The clerk's authority was confined strictly to taking and reporting the testimony to the court. No issue involved could be passed upon by the clerk. We find no authority which holds that the taking of testimony in the manner prescribed in subdivision 10 of section 32, is violative of any constitutional provision.

The appeal upon this reargument presents a question of fact. The question of law as to the authority of the Surrogate to delegate his judicial power and responsibility of trial and determination would be presented if there was proof of facts that it was the clerk and not the Surrogate who made the determination. Such is not the case on the record before us. The appellant has taken no action to vacate and set aside the decree on that ground. We do not have before us proof of any facts to rebut the presumption of the regularity of the proceedings in Surrogate's Court. We are asked to pass upon the question of law by assuming that the determination was not that of the judicial officer. The presumption unrebutted is to the contrary.

In *Matter of Nowakowski* (284 App. Div. 655) we commented upon the fact that the case presented a sharp question of credibility of witnesses. By employing the method of taking testimony provided in subdivision 10 of section 32 of the Surrogate's Court Act, neither the Surrogate nor the clerk was in the position of being able to appraise the weight to be given to the testimony of the witnesses by seeing and hearing them. The trier of the facts was the Surrogate, but he did not see or hear the witnesses. The clerk saw and heard the witnesses but was without authority to pass upon their credibility. Thus the trier of the facts was in no better position to judge credibility and weight than this court upon appeal and the rule of *Boyd* v. *Boyd* (252 N. Y. 422, 429) became inapplicable. The Appellate Division in the Second Department has had occasion to comment on the problem in at least two cases. In *Matter of Feit* (278 App. Div. 944), the court disapproved of the method of taking proof provided by subdivision 9 of section 32 of the Surrogate's Court Act, " where there is a contested issue of fact, the resolving of which is dependent upon the credibility of witnesses or the

admissibility or inadmissibility of testimony under section 347 of the Civil Practice Act." In *Matter of O'Beirne* (259 App. Div. 1047, affd. 287 N. Y. 791) the Second Department pointed out that taking of proof before the clerk under subdivision 9 of section 32 of the Surrogate's Court Act, made inapplicable the doctrine of *Boyd* v. *Boyd* (*supra*). In neither of these cases, was there any mention of the constitutionality of the section.

It is unfortunate that the method here employed is used in contested matters where the trier of the facts, the Surrogate, neither hears nor sees the witnesses and is therefore without the opportunity of appraising their credibility by their appearance, conduct and manner of testifying. Upon the record before us, however, we cannot say that the clerk heard, tried and determined the issue and the constitutional question is not presented.

Upon the reargument, the decree should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

Upon reargument decree affirmed, without costs of this appeal to any party.