Benjamin Newberg, J.
Petitioner seeks an order vacating a conviction through common-law writ of error coram nobis. This petition is a companion proceeding to a motion pending before this court for a new trial based on newly discovered evidence.
The relief sought herein is based on an alleged violation of respondent’s constitutional right of confrontation as guaranteed under the Sixth Amendment of the Constitution of the United States. Respondent was convicted of the crime of selling narcotics after a trial by a jury. The prosecution’s case rested mainly on the testimony of a witness who, in response to an inquiry by the District Attorney, testified that his name was “ Willie Green ”. Subsequently, and this is undisputed, it was disclosed that the name ‘ ‘ Willie Green ’ ’ was assumed and used for a number of years in the course of investigatory work for various law enforcement agencies.
The said “ Willie Green ” was thoroughly and completely cross-examined by defense counsel. Although defense counsel did inquire as to the use of disguised identities by the witness, no question was asked relating to the use of the name “ Willie Green ”. The cross-examination of said witness did not include any inquiry as to whether said name was assumed or whether it represented the correct identity of said witness.
The use of an assumed name is the basis of respondent’s contention that there was a deprivation of the right of confrontation.
The right of confrontation means substantially, the producing and physical presence of a witness for questioning. Exposing a witness for cross-examination is the essential right granted to the accused by the Sixth Amendment (5 Wigmore, Evidence [3d ed.], § 1365; People v. Werblow, 123 Misc. 204; 212 App. Div. 445).
*559 Defendant’s opportunity to cross-examine was fully exercised. However, the lack of knowledge of the true identity of the said ‘‘ Willie Green” aborted defendant’s right to investigate the background of said witness. Absence of disclosure of true identity resulted from the failure to inquire and not the inability to know because of lack of confrontation.
It is not claimed that there is no proof that the District Attorney withheld or suppressed evidence of identity. This application does not therefore come within the rule permitting writ of coram nobis where material evidence favorable to the accused is withheld by the prosecution (People v. Fisher, 23 Misc 2d 391).
There is no authority for writ of coram nobis order resulting from lack of information of true identity where the opportunity to cross-examine and elicit such information was afforded counsel for the defendant. This is not a situation of a. faceless or nameless accuser. The witness was produced, cross-examined under oath and identified as ‘ ‘ Willie Green ’ ’, a name assumed and used over a period of years. It is not claimed that true identity was not disclosed for the purpose of depriving the defendant of any further avenue of investigation. It cannot be said under the circumstances that the defendant was deprived of the right of confrontation as petitioner contends.
The discovery that the name given was an assumed name presents a case of newly discovered evidence. Companion motion on the ground of newly discovered evidence is the proper remedy. Such an application is now before the court. Coram nobis relief is not proper to vacate a judgment of conviction where the basis appears to be newly discovered evidence. There is a proper statutory remedy available for relief based upon newly discovered evidence.
Coram nobis relief has not been made available as the alter ego of a statutory remedy such as a motion for a new trial on newly discovered evidence (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1; People v. Lesser, 304 N. Y. 903).
Application for an order granting a common-law writ of error coram nobis is hereby denied.