Thomas J. Hughes, J.
This is ¡a motion by the defendant James Darienzo to conditionally examine a witness, Carmine Apuzzo, pursuant ¡to CPL article 660.
The defendant 'and the witness Apuzzo have both submitted affidavits in ¡support of the motion. The District Attorney ¡has opposed the relief ¡sought on various grounds.
*978 Darienzo has been indicted in three indictments as follows:
Ind. No. Codefendants Charges
1801/1974 Carmen LaVia, Conspiracy, fourth degree;
Angelo Leonard!. tampering with a witness.
1924/1974 None Possession of a gun as a felony.
1944/1974 Angelo Leonard!, Ronald Darienzo, Bruce Doak, Carmine LaVia, Vito Summa. Conspiracy in the third degree; criminal usury.
The pertinent sections of CPL article 660 .read as follows:
“ § 660.20 Examination of witnesses conditionally; grounds for order. All order directing examination of a witness conditionally must be based upon the ground ¡that there is reasonable cause to believe that ¡such witness:
“ 1. Possesses information material to the criminal action or proceeding in issue; ¡and
“ 2. Will mot be 'amenable or responsive to legal process or available as a witness at a time when his testimony will be sought, either because he is: * * *
“ (ib) Physically ill or incapacitated.”
“ § 660.40 Examination Of Witnesses Conditionally; Application And Notice. 1. An application to examine a witness conditionally must be made in writing, must be .subscribed and sworn to, and must contain:
1 ‘ (a) The title of the action, the offense or offenses charged, the nature and ¡status of ¡the action, and the name and residential address of the witness sought to be examined; and
“(b) A statement that there is reasonable cause to believe that grounds for ¡such an examination, as specified in section 660.20, exist, together with allegations of fact .supporting such statement. Such allegations of fact may be those of the applicant, ocr those of 'another person in an .accompanying deposition, or of both. They may be based either upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such • information and the grounds of such belief are ¡stated.
“ 2. A .copy of the application, with ¡reasonable notice and opportunity to be heard, must be served upon the other party to the ¡action. If the defendant is ithe applicant, .such ¡service must be upon the district attorney. If the people are ¡the appli *979 cant, ¡such service must be upon the defendant and ¡upon his attorney if any. The respondent party may file and serve a ■sworn written answer to the application. ”
“ § 660.50 Examination of witnesses conditionally; determination of application. 1. Before ruling upon the application, the court may, in .addition to examining ¡the papers and hearing oral argument, make any inquiry it deems appropriate for the purpose of making findings of fact essential to .the determination. For such purpose, it may examine witnesses, under oath, or otherwise, subpoena or call witnesses and authorize- the attorneys for the parties to do so.
“2. If the court is satisfied' that grounds for'the application exist, it must order an examination of the witness conditionally at a designated time and place. Such examination must be conducted by the same court; except that, if it is to be held in another county, it may be conducted by ¡a designated superior court of such other county.
“ 3. Upon ordering the examination, the court must cause a copy of the order to be served upon the respondent party and, if a defendant be such, upon his attorney -also, and must either issue a subpoena for the witness’s attendance thereat or authorize the ¡applicant party’s attorney to do so.”
It is not disputed .that Apuzzo is a terminal cancer victim and may not be alive at the time of the trial of these indictments. Therefore, Apuzzo would qualify as a witness under OPL 660.20 (subd. 2, par. [b]).
An order for a conditional examination of a witness must be bottomed on ¡a finding ¡that there 1 ‘ is reasonable cause to believe that such witness: 1. 'Possesses information material to the criminal action or proceeding in issue; and” (OPL 660.20). The basis for the defendant’s application is Apuzzo’s affidavit in which he .states, “ The information which I seek to relate will completely exculpate .and exonerate the Defendants James Darienzo a/k/a James Martin, Angelo Leonardi, Ronald Darienzo, Bruce Doak, Carmine Lavia, Margaret Apuzzo, of the crimes for which they have been indicted.” He further alleges that he “ was a direct participant in the alleged wrongdoings and ¡before I die I want to vindicate the innocent ”.
The statutes involved require that before the order for a conditional examination is made .and entered, the movant must show reasonable cause to believe that the witness possesses material information. While the phrase ‘‘ reasonable cause ” is usually applied in arrest and search and seizure .proceedings (see Smith v. County of Nassau, 34 N Y 2d 18), the Legislature has *980 included the phrase in the conditional examination of witnesses statutes. It means that there must he a basis, aside from mere conclusions, ito successfully invoke the procedure.
Apuzzo’s ¡affidavit merely contains conclusions without any supporting facts. Indictments numbers 1801/1974 and 1944/1974 charge, inter alia, conspiracies. A conspiracy requires an agreement between two or more persons to cause the performance of criminal conduct (see Practice Commentary to article 105-Conspiracy, McKinney’s Cons. Laws of N. Y., Book 39, P.enal Law, p. 173). For this witness to blandly state that he has participated in all the acts charged in these two indictments so as to negate .any presumption that the causes ¡of action based on a conspiracy charged in the indictments are legally sufficient is without any substance whatsoever. The Grand Jury heard the evidence and Apuzzo has no knowledge of what took place there. Indictment 1924/1974 .charges this defendant alone as possessing the weapon charged in the indictment. The witness in effect claims that he possessed the weapon. To permit a conditional examination of such a statement would constitute a mockery of the law of criminal procedure. If there was any indication in the Grand Jury .presentation that Apuzzo was in anywise involved in these indictments, he would have been listed as a codefendant.
The court is constrained to observe that while Apuzzo is not a codefendant in these three indictments, he has been charged in indictments numbers 1946/1974 and 1798/1974 with various crimes. In 1946/1974, he, his wife ¡Margaret Apuzzo, Thomas Incledon and Arthur Goins are charged with the crimes of criminal usury ¡and grand larceny in the first degree. Indictment number 1946/1974 charges him, together with his wife Margaret Apuzzo, Thomas Incledon .and Arthur '.Goins, with the crimes of criminal usury and grand larceny in the first degree.
Henry Bothblatt, Esq., counsel for ithe defendant Darienzo, likewise represents all the other defendants named in these three indictments with the exception of Vito Surnma. While CPL 660.40 (subd. 2) only requires that ¡a defendant moving for this type ¡of relief serve only the District Attorney, in view of the nature of proposed testimony of the witness, Surnma’.s counsel would be entitled to notice as the witness expressly excludes Surnma from the persons he wishes to exonerate. He may intend to implicate ¡Surnma and hence the latter’is counsel would be a necessary party to be ¡served with the motion papers. In view of the court’s disposition ¡of the instant motion, this is merely an ¡observation for future action.
*981 The court rules that the affidavits in support of the motion do not set forth reasonable cause to either order the conditional examination of Apuzzo or to take the preliminary steps iset forth in OPL 660.50. The motion papers are purely conclusory and set forth no allegations of fact which would demonstrate that there is reasonable cause to believe that Carmine Apuzzo possesses information material to the criminal actions or proceedings in issue.
The motion is denied in all respects at this time with leave to the defendant to renew on sufficiently legal motion papers.