Cooke, J.
Appellant, convicted after a jury trial of two counts of criminal sale of a dangerous drug in the third degree (Penal Law, § 220.35, repealed L 1973, ch 276), presses for reversal because of the trial court’s refusal to issue a commission to examine 10 out-of-State witnesses pursuant to CPL 680.20.
After having been indicted on June 15, 1971 for the perpetration of said crimes in Queens County, New York, defendant applied, by a motion submitted on January 19, 1972, for a commission for the examination of 10 witnesses residing at specified addresses in Pennsylvania, eight in York and two in Harrisburg. A brief supporting affidavit by defendant’s attorney states, upon information and belief and without further elaboration, that "defendant, Kenneth Carter, was in the State of Pennsylvania in the presence of the proposed prospective witnesses * * * on the dates of the alleged criminal acts” and that "defendant has been unable to cause these witnesses to appear in the State of New York due to financial pressures upon them in Pennsylvania.” The unsworn notice of motion includes the statement that "The defendant in this action, Kenneth Carter, states he was in the presence of these witnesses at the time of the alleged criminal acts.” The motion was denied without comment on February 10, 1972 and trial commenced five days later.
At trial, Patrolman Hayes testified that on May 10 and 11, 1971 he purchased from defendant a number of glassine envelopes, the contents of which were later analyzed as heroin. Three other officers, all members of the same undercover narcotics team, identified defendant as the one with whom Hayes conversed at the time of the illegal transactions. For his defense, defendant introduced testimony of two grandparents, one of whom resided at York, Pennsylvania, to the effect *237 that defendant had been in Pennsylvania on the days on which the purported sales occurred.
In affirming the conviction, the majority in the Appellate Division held that the denial of the application for a commission was a sound exercise of discretion by the Criminal Term. It reasoned that the witnesses were intended to bolster the defense of alibi, which was proffered at trial by the grandmother and grandfather, the latter of whom was one of those to be examined in Pennsylvania, and that the testimony of the other nine would have been cumulative and repetitious. It was pointed out also that defendant had failed to pursue an effective alternative, under CPL article 640, to secure the attendance at trial of witnesses from without the State in criminal proceedings. The dissenters reached a contrary conclusion, holding that the denial constituted a deprivation of due process and equal protection of the laws and, from a practical standpoint, that defendant’s case was handicapped since the testimony of the grandparents would have been immeasurably strengthened by the corroborative testimony of witnesses who were not relatives.
A "commission” is a process issued by a superior court (see CPL 10.10) designating one or more persons as commissioners and authorizing them to conduct a recorded examination of a witness or witnesses under oath, primarily on the basis of interrogatories annexed to the commission, and to remit to the issuing court the transcript of such examination (CPL 680.10, subd 2). The establishment of a commission is available initially only to the defendant (CPL 680.20, subd 2) but, once granted, the People may also seek such a procedure (CPL 680.30, subd 1; see People v Parkinson, 187 Misc 328, 331; Rothblatt, Criminal Law of New York, The Criminal Procedure Law, § 562; 1 Paperno and Goldstein, Criminal Procedure in New York [1971 ed], § 337). CPL 680.20 is entitled "Examination of witnesses on commission; when commission issuable; form and content of application”. Subdivision 1 thereof provides: "Upon a pre-trial application of a defendant who has pleaded not guilty to an indictment * * * the superior court in which such indictment is pending * * * may issue a commission for examination of a designated person as a witness in the action, at a designated place outside the state, if it is satisñed that (a) such person possesses information material to the action which in the interest of justice should be disclosed at the trial, and (b) resides outside the state.” (Emphasis *238 supplied.) Subdivision 2 sets forth the contents which must be alleged in the moving papers, including: "(e) A statement that he [the prospective witness] possesses information material to the action which in the interest of justice should be disclosed at the trial, together with a brief summary of the facts supporting such statement(Emphasis supplied.) In turn, subdivision 3 stipulates that, if the application is for the examination of more than one person, "[i]n such case, it must contain allegations specified in subdivision two with respect to each such person”. Thus, even if the moving papers on their face contain all data as outlined, the statutory language of "may” and "if it is satisfied”, indicates that the determination as to whether a commission shall issue is one resting in the sound discretion of the court in which the indictment or other accusatory instrument is pending (see 1 Paperno and Goldstein, Criminal Procedure in New York [1971 ed], § 339, pp 544-545).
In the instant case, defendant’s supporting papers furnished little, if any, more, than a very brief conclusional summary, without differentiation as to the persons named, of his contention regarding the 10 proposed witnesses, rather than a "brief summary of facts” supporting a statement that the witnesses possess "information material to the action which in the interest of justice should be disclosed at the trial”. The statement of the reason for the inability of the proposed witnesses to appear in New York was sketchy, at best (see Matter of United States, 348 F2d 624, 625). Based on this appraisal of the papers and in view of the jurisdictional limits of our inquiry (NY Const, art VI, § 3; People v McClellan, 191 NY 341, 348; Cohen and Karger, Powers of the New York Court of Appeals, § 158, p 616; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.17), it cannot be said, as a matter of law, that there was an abuse of discretion in the court’s denial of a commission.
We cannot agree with the position taken that the testimony of the nonresident witnesses would have but bolstered that given by the grandparents. These relatives were subjected to vigorous cross-examination by the prosecutor, who emphasized their apparent interest in the outcome and noted, in his summation, his impression that they had "been used”. Obviously, proof uttered by an unbiased witness might have been persuasive in supporting the alibi defense, rather than being merely cumulative. Nonetheless, we are of the opinion that *239 where a defendant seeks a commission to conduct an examination of nonresident witnesses in criminal cases pursuant to statute, even where technical requirements have been met, courts should be chary, exercising great restraint and granting such an application "only in exceptional circumstances” (cf. United States v Rosenstein, 303 F Supp 210, 212; United States v Birrell, 276 F Supp 798, 822). The underlying rationale for this view is apparent. Generally and whenever possible, the fact-finder, be it the court or a jury, should be able to see and hear the witness (Schricker v City of New York, 35 AD2d 743), since the appearance, attitude and demeanor of a witness upon being questioned and while before the court are matters to be taken into consideration in testing veracity and in determining the weight to be accorded his or her testimony (Matter of Nowakowski, 284 App Div 655, 657, affd on rearg 1 AD2d 250, 252, affd 2 NY2d 618). Indeed, the opportunity of observation often affords the most accurate method of ascertaining the truth (Boyd v Boyd, 252 NY 422, 429). Furthermore, the use of interrogatories, rather than "live” testimony, restricts the opposing parties in the effectiveness and extent of examination and cross-examination, prevents jurors from asking questions where proper (see People v Knapper, 230 App Div 487, 492), and precludes the Trial Judge from taking part in the examination of witnesses, where questioning is necessary, " 'to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial’ ” (see People v Hinton, 31 NY2d 71, 76).
Additionally, defendant made no effort to secure the attendance of witnesses under CPL 640.10, cited as the "Uniform act to secure the attendance of witnesses from without the state in criminal cases” and adopted by New York and Pennsylvania, as well as the vast majority of the other States. It provides a statutory means whereby, upon a sufficient showing and the following of necessary procedures, a witness residing in another adopting State can be compelled to attend and testify at a criminal trial in the forum (see Barber v Page, 390 US 719, 723, n 4; 2 Wharton’s Criminal Evidence [13th ed, 1972], § 510; Pitler, New York Criminal Practice Under the CPL, p 570).
Defendant’s assertion that his constitutional rights of due process and equal protection were infringed is rejected. While the Sixth Amendment to the United States Constitution, obligatory on the States through the due process clause of the *240 Fourteenth Amendment, mandates that the accused has the right to present his own witnesses to establish a defense, including the right to compel their attendance if necessary (Jenkins v McKeithen, 395 US 411, 429; Washington v Texas, 388 US 14, 18-19), this right is subject to the limitation that no State, without being party to a compact (see New York v O’Neill, 359 US 1), has the power to compel the attendance of witnesses who are beyond the limits of the State (Minder v Georgia, 183 US 559, 562; see State v Smith, 87 NJ Super 98). It was to fill this gap, so that there would be extraterritorial impact in compelling attendance of witnesses, that the Legislature enacted CPL 640.10 (cf. People v Cavanaugh, 69 Cal 2d 262). Nor does the fact that an affluent defendant will be able to pay transportation and lodging expenses of proposed out-of-State witnesses, while an indigent defendant will not, present an equal protection violation. In either situation, the witness can decide to attend vel non or the defendant can attempt to utilize compulsory process under the "Uniform Act”, under which a per diem and mileage allowance chargeable to the county in which the prosecution or Grand Jury investigation is pending is required to be paid, so that the discrimination would not be deemed invidious within the equal protection clause (see CPL 640.10; cf. Douglas v California, 372 US 353, 356-357; People v Cavanaugh, 69 Cal 2d 262, supra).
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.