OPINION OF THE COURT
Charles A. Kuffner, J.
The defendant stands indicted, inter alia, for rape in the first degree. The prosecution alleges that on May 13,1983 at 5:00 a.m., the defendant did enter the apartment of the complaining witness, a 72-year-old woman, and while threatening to slit her throat, did forcibly rape her.
The People now move pursuant to CPL article 660 for an order permitting the conditional examination, by video tape, of the complaining witness.
The People allege that the complainant possesses information material to the criminal action (CPL 660.20, subd 1) and that her physical illness and incapacity render it likely that she may be unavailable to testify at the trial of this action. (CPL 660.20, subd 2, par [b].)
CPL 660.40, as amended in 1980, expressly provides for the taking of such testimony by means of video tape.
*862 CPL 660.40 (subd 1, par [a]) states that an application for such an order must contain the name and residential address of the witness sought to be examined. The affirmation submitted by the Assistant District Attorney, in support of this application, does not contain the residential address of the witness.
The obvious purpose of this requirement is to enable the opposing party to adequately prepare for the taking of testimony, inasmuch as the examination proceeding must be conducted in the same manner as would be required were the witness testifying at a trial. (See CPL 660.60, subd 1.)
In the instant case, as is true in many cases, the residential address of the complainant is known to the defendant, inasmuch as it is also the place of the alleged crime. This address was furnished defendant’s counsel as part of the felony complaint filed in Criminal Court and is further reflected in the police department reports.
While the language of the statute is mandatory it would, nonetheless, be an exaltation of form over substance to permit such a minor technical omission to defeat an application, where the mandated information is otherwise provided.
CPL 660.40 (subd 1, par [b]) requires that the moving party provide allegations of fact supporting their contention that reasonable cause exists to support the sought examination (in this case, that of the complainant’s physical disability). Such allegations may be made upon information and belief provided that the sources of such information, the grounds for such belief, are stated.
In support of the application, the Assistant District Attorney alleges, based upon conversations with the complaining witness, that the complainant is 72 years of age and “suffers from a number of debilitating health problems, including high blood pressure, occasional vertigo, sleeplessness, headaches, stomachaches, kidney problems, and arthritis in her shoulders and knees.”
Counsel argues that the above allegations, unsupported by physician’s affidavits or medical records, are insufficient to form a basis for the requested relief.
*863 In People v Darienzo (79 Misc 2d 977), the court denied defendant’s application, pursuant to CPL article 660, to conditionally examine a witness who was suffering from terminal cancer. The court concluded that mere conclusion cannot form the basis for providing the “reasonable cause” required by CPL 660.40 (subd 1, par [b]) that is a prerequisite to the granting of the application. In that case, the “conclusions” were by the prospective witness to the effect that he possessed knowledge exculpatory to the defendant therein. The court found that “conclusions” with “supporting facts” were not sufficient. (People v Darienzo, supra, at p 980.)
A year after the decision in Darienzo (supra), the Court of Appeals addressed an application by a defendant for a commission for the purpose of conducting an examination of witnesses out of State. In ruling that the trial court had not abused its discretion in denying the commission, the court in People v Carter (37 NY2d 234, 238) found that the papers submitted in support of the application “furnished little, if any, more than a very brief conclusional summary.”
Turning again to the facts of the instant application, it is for this court to determine whether the facts related by the Assistant District Attorney in her application relating to the complainant’s physical condition are merely conclusions without support adequate to furnish a basis for the requested relief.
It is the opinion of the court that the assertions of the complainant’s physical condition, received from the complainant and relayed to the court by the Assistant District Attorney, are, if credible, sufficient proof, and that supporting affidavits of physicians, while desirable, are not essential. CPL 660.40 (subd 1, par [b]) permits the court to determine the application on the basis of the witness’ allegations, provided that the source of the information and the grounds for the belief are stated.
The best source of the information respecting the witness’ advanced age, complaints of vertigo, sleeplessness, headaches, and stomachaches is the complainant herself. With respect to the complaints of high blood pressure, kidney problems and arthritis of the shoulders and knees, *864 it is arguable that the complainant is unqualified to assert medical conclusions. It is not, however, unreasonable to conclude that given the complainant’s age that her assertions as to these conditions are based upon knowledge obtained through her personal medical history.
CPL 660.50 permits the court, in determining this application, to make any additional inquiry it deems necessary to its fact-finding function. Such authority, however, ought not to be utilized to the effect of converting each application under this article into an open-ended adversarial proceeding. This is especially true in that defendant’s right to vigorously examine the witness is preserved at a conditional examination.
This court is satisfied that based upon the evidence before it, the interest of justice would be served, the rights of the defendant preserved and the hardship upon an elderly complainant minimized should the conditional examination proceed.
Accordingly, the motion is granted. The parties are directed to appear on July 27,1983 at 2:30 p.m. in complex “H” of the Supreme Court, Kings County, for the purposes of conditional examination of the complaining witness. Pursuant to CPL 660.50 (subd 3), said proceeding is ordered to be recorded in the same manner as a trial (steno-graphically). Additionally, the application for simultaneous video tape recording is granted. The District Attorney is directed to serve a copy of this order upon the defendant and upon defendant’s counsel. The District Attorney is further authorized to issue an appropriate subpoena to insure the complainant’s attendance. (CPL 660.50, subd 4.)