People v DePalo (2020 NY Slip Op 06069)





People v DePalo


2020 NY Slip Op 06069


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Moulton, JJ. 


Ind No. 1450/15 Appeal No. 12191 Case No. 2018-4432 

[*1]The People of the State of New York, Respondent,
v
Robert DePalo, Defendant-Appellant.


Law Offices of Amy Adelson, LLC, New York (Amy Adelson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at initial motion for letters rogatory; Mark Dwyer, J. at subsequent motions for letters rogatory or commissions; Juan M. Merchan, J. at jury trial and sentencing), rendered September 4, 2018, as amended October 3, 2018, convicting defendant of scheme to defraud in the first degree (two counts), securities fraud (five counts), money laundering in the first and second degrees, criminal tax fraud in the second and third degrees, grand larceny in the first degree, and grand larceny in the second degree (two counts), and sentencing him to an aggregate term of 7 to 21 years, unanimously affirmed.
The court providently exercised its discretion in warning defendant that if he introduced evidence that he used legitimate sources of income, this might have the effect of opening the door to otherwise-inadmissible evidence that he improperly took funds from companies that were not the subject of charges in the indictment (see People v Massie, 2 NY3d 179, 183-84 [2004]). The court did not preclude defendant from introducing the evidence at issue, but only warned him of the possibility that the evidence might cause his uncharged crimes to become relevant.
Although defendant challenges the court's rulings concerning whether a prospective defense witness's fact testimony would have implicated an advice-of-counsel defense, thereby waiving defendant's attorney-client privilege, these challenges are moot because the witness invoked his Fifth Amendment right not to testify at trial. The record fails to support defendant's claim that, in a colloquy about the prospective witness's testimony about a document, the People compelled the witness to assert his privilege against self-incrimination by threatening a perjury prosecution (see People v Siegel, 87 NY2d 536, 542-543 [1995]). In any event, defendant's arguments are unavailing on the merits.
The court providently exercised its discretion in finding that defendant failed to lay the necessary foundation to admit certain business records. Counsel did not sufficiently rebut the People's evidence that a corporate resolution dated September 2010 was actually created and backdated in July 2013, resulting in it having no value. Although defendant sought to authenticate the resolution through the testimony of the above-discussed prospective witness who exercised his privilege against self-incrimination, we find, as previously noted, that the People did not improperly prevent the witness from testifying. Defendant also failed to establish that a general ledger and an "ICAAP Report" (a British regulatory filing) were made "within a reasonable time" (CPLR 4518[a]) after the transactions at issue (see e.g. Standard Textile Co. v National Equip. Rental, 80 AD2d 911, 911 [2d Dept 1981]). We have considered and rejected defendant's remaining arguments concerning documents offered by the defense and related matters.
Defendant's arguments that the court should have issued letters rogatory (CPLR 3108) or commissions (CPL 680.20[1]) are moot as to a witness who testified at trial, and defendant's arguments to the contrary are unpersuasive. As to the witnesses at issue who did not testify, assuming, without deciding, that letters rogatory may be issued in criminal cases and that the same standard is applicable as in civil cases, we find that the respective motion courts providently exercised their discretion in declining to issue letters rogatory or commissions, since defendant failed to show that the witnesses would provide material testimony warranting those extraordinary remedies (see generally People v Carter, 37 NY2d 234, 239 [1975]).
The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of the People's witness, and none of the court's rulings or actions deprived defendant of a fair trial.
Defendant's constitutional arguments relating to the court's above-discussed rulings regarding evidence sought to be introduced by the defense or limitations on cross-examination are without merit (see generally Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986])
Defendant's arguments concerning the form and content of the testimony of the People's expert financial analyst are unpreserved and we decline to review them in the
interest of justice. As an alternative holding, we reject them on the merits.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020