People v Gumbs (2021 NY Slip Op 03532)





People v Gumbs


2021 NY Slip Op 03532


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Ind No. 1334/15 Appeal No. 13991 Case No. 2019-2983 

[*1]The People of the State of New York, Respondent,
v
Secunda Gumbs, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel) and Orrick, Herrington & Sutcliffe LLP, New York (Darren Pouliot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Miriam Best, J.), rendered June 15, 2017, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), and sentencing him to concurrent terms of five years, unanimously affirmed.
We find that all of the court's rulings based on the theory of opening the door were provident exercises of discretion under the particular circumstances of this case (see generally People v Massie, 2 NY3d 179, 184 [2004]; People v Fardan, 82 NY2d 638, 646 [1993]). To the extent that defendant argues that the evidence admitted on this theory was unduly prejudicial, we conclude that the court's limiting instructions, which the jury presumably followed, minimized any prejudice (see People v Davis, 58 NY2d 1102 [1983]).
First, defendant elicited that although the police arrested him and the other two persons who were in his apartment at the time a search warrant was executed, the arrests of the other two were voided. The court providently exercised its discretion in finding that this testimony opened the door to defendant's suppressed statement to the police in the apartment as to the location of the two illegal weapons he was charged with possessing (see People v O'Garra, 16 AD3d 251, 252 [1st Dept 2005], lv denied 5 NY3d 766 [2005], cert denied 546 US 1005 [2005]; see also People v Reid, 19 NY3d 382, 387 [2012]; People v Smith, 270 AD2d 132 [1st Dept 2000]). The testimony elicited by defendant suggested that the police had no apparent reason for releasing the other two people and singling out defendant. Defendant failed to preserve his arguments that the court should have used certain alternative remedies without admitting the statement (or other evidence, discussed below, admitted on a door-opening theory), or should have instructed the jury to consider the statement only on a finding beyond a reasonable doubt that the statement was made voluntarily, and we decline to review them in the interest of justice.
Next, defendant's testimony that he generally supported himself by "legal means," such as working as a security guard and a licensed cab driver, opened the door to evidence that he sold marijuana (see People v DePalo, 187 AD3d 649, 650 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]). His subsequent testimony that there were 3 bags of marijuana in his apartment, belonging to himself and someone else, further opened the door to evidence that police found 136 bags of marijuana, 900 empty ziplock bags, and 3 scales in the apartment (see People v Rivera, 251 AD2d 142, 142 [1st Dept 1998], lv denied 92 NY2d 985 [1998]).
The final door-opening issue involves defendant's testimony about his relationship with a woman who was one of the persons present in the apartment when the search warrant was executed. The court providently exercised its discretion in finding that, under all the circumstances, defendant opened the door to evidence of his violent conduct toward the woman (see People [*2]v Harrison, 288 AD2d 396 [2d Dept 2001], lv denied 97 NY2d 705 [2002]; see also People v Dawson, 290 AD2d 302, 303 [1st Dept 2002], lv denied 98 NY2d 674 [2002]).
The court also providently exercised its discretion in denying defendant's untimely request for a missing witness charge, which was made "after the People had rested their case-in-chief" (People v Carr, 14 NY3d 808, 809 [2010]).
In any event, we find that any error in the above-discussed matters was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). The evidence included, among other things, an undisputedly admissible statement, resulting from a proffer agreement, that amounted to a full confession.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Maffei, 35 NY3d 264, 269-70 [2020]; People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021