People v Gainey (2021 NY Slip Op 06925)





People v Gainey


2021 NY Slip Op 06925


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Ind No. 591/13 Appeal No. 14802 Case No. 2018-5168 

[*1]The People of the State of New York, Respondent,
v
Carl Gainey, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at motions; Juan M. Merchan, J. at jury trial and sentencing), rendered October 8, 2015, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. On the day of the robbery, the victim met defendant and spent hours drinking with him. During that time, the victim took cell phone photos of himself with defendant, which were received in evidence, and the victim consistently maintained that it was the man in the photos who assaulted and robbed him. The jury could have reasonably concluded that even though the victim had been drinking, he was not so intoxicated that he blamed defendant for a robbery committed by someone else.
Defendant is not entitled to any relief under Brady v Maryland (373 US 83 [1963]). Defendant has not established that he was prejudiced by the form and timing of the People's disclosure of information suggesting that the victim may have given persons at the scene of the robbery, who called 911, a description of the robber that does not match defendant's appearance. About 10 months after the arrest, but long before trial, the People revealed the information at issue by way of a Sprint report. However, by that time the recording of the underlying 911 call had been inadvertently destroyed. Nevertheless, the People agreed to permit the Sprint report to be received in evidence, so the issue of a possible inconsistent description was placed before the jury. Furthermore, defense counsel was able to interview the only identifiable person involved in the 911 call. Defendant's assertions that the 911 recording would have been helpful to the defense, or that earlier disclosure would have led to the discovery of more witnesses, are speculative, and there is no reasonable possibility that the result of the trial would have been different if the recording had been preserved or the information had been disclosed earlier (see e.g. People v Richardson, 192 AD3d 432, 433 [1st Dept 2021], lv denied 37 NY3d 959 [2021]).
The motion court providently exercised its discretion in denying defendant's CPL article 680 application to take out-of-state testimony from the only identifiable person who spoke with the victim immediately after the robbery. About a year after being interviewed by defense counsel, this person relocated to California. However, defendant failed to show that there were exceptional circumstances justifying the invocation of CPL article 680. Defendant did not explain why the witness could not travel to New York from California for the purpose of testifying, and the materiality of his testimony was questionable under all the circumstances (see CPL 680.20[1]; 
Matter of State of New [*2]York v Robert F., 25 NY3d 448, 454-55 [2015]; People v Carter, 37 NY2d 234, 239 [1975]).
The motion court also correctly denied defendant's motion to suppress identification testimony, without granting a Wade hearing. Defendant did not rebut the People's showing that the only identification in this case was when the victim showed the police the photos of defendant that were on the victim's phone. This was completely civilian-initiated and not police-arranged, and was therefore outside the category of identifications subject to Wade hearings (see People v Dixon, 85 NY2d 218, 222-223 [1995]).
Finally, the motion court correctly denied defendant's speedy trial motion. The motion turned on a 35-day period when the People were not ready because they were attempting to locate the victim. The People established that the time was excludable as an exceptional circumstance (see CPL 30.30[4][g][1]). There was ample evidence of the People's exercise of the statutorily required due diligence, and the record fails to support defendant's assertion that the People conceded their inability to locate the victim "in a reasonable period" (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021