(43 Misc. Rep. 508.)

· PEOPLE v. GOODMAN.

(Court of General Sessions, New York County. April, 1904.)

1. CRIMINAL LAW—COMMISSIONS TO TAKE TESTIMONY—ABSENT WITNESSES—
STIPULATION.

A commission to take the testimony of nonresident witnesses will not issue in behalf of defendant in a criminal case, where it is conceded by the district attorney that the witnesses would testify, as claimed by defendant, to his good moral character, and it is further stipulated that defendant's good character will not be attacked.

2. SAME—RELEVANCY.

A commission to take the testimony of nonresident witnesses in a criminal case cannot be had to secure testimony that the complaining witness had been indicted and tried for murder.

3. SAME.

In a prosecution for crime, a commission to take the testimony of nonresident witnesses will not be issued merely to sustain testimony that in

business transactions between defendant and complaining witness the latter obtained an unfair advantage of the defendant.

James W. Goodman was indicted for crime. On application for a commission to take the testimony of nonresident witnesses. Application denied.

H. D. Luce (A. J. Dittenhoefer, of counsel), for the motion.
William Travers Jerome, Dist. Atty., opposed.

FOSTER, J. This is an application by the defendant that a commission issue to take the testimony of certain witnesses, on his behalf, resident in Arizona and elsewhere, without the state of New York. It appears that it is sought to prove by these witnesses: First. That the defendant has hitherto borne a good character. Second. That the complaining witness has hitherto been indicted and tried in Arizona for murder (with what result, however, is not made to appear). Third. That certain business relations existed between the defendant and the complaining witness; that the complaining witness "bested" the defendant therein, and broke faith with him.

The granting of such a commission appears to be within the discretion of the court. Section 643 of the Code of Criminal Procedure provides that such a commission must be issued when "the court or officer to whom the application is made be satisfied that the witness resides out of the state, and that his examination is necessary to the attainment of justice."

1. The district attorney concedes that the proposed witnesses as to character would testify, if called, that the defendant has hitherto borne a good character, and stipulates that he will not attack the defendant's general good character. This appears to me to be a sufficient answer upon this particular subject of the proposed commission.

2. The fact that the complaining witness has been indicted or tried for crime is of no importance to this inquiry. It is entirely incompetent, and cannot be shown on the trial. Chase, Steph. Dig. Ev. 321; People v. Crapo, 76 N. Y. 288, 32 Am. Rep. 302; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. 254. If a conviction had followed the indictment, the rule would be different (Pen. Code, § 714), and a duly exemplified copy of the record of conviction would be admissible in evidence. This, however, would not necessitate a commission.

3. The business transactions between the complaining witness and the defendant appear to me to be also irrelevant to this inquiry. It is a purely collateral matter, which possibly may be a subject for the cross-examination of the complaining witness, but, if so, his answers thereupon are binding on the defendant, and cannot be contradicted. People v. Murphy, 135 N. Y. 450, 32 N. E. 138; Chase, Steph. Dig. Ev. 324, and many cases there cited.

For these reasons the defendant's application for a commission does not appear "necessary to the attainment of justice" and must be denied.

Application denied.