THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EARL F. SHELDON, Defendant.

County Court, Rensselaer County, October 11, 1947.

*John P. Weatherwax* for defendant.

*Joseph B. Mulholland, Assistant District Attorney,* **for** plaintiff.

. HAMM, J. The defendant is charged in the Police Court of the City of Troy with violation of section 720 of the Penal Law, commonly known as disorderly conduct, and violation of sections 1825 and 1851 of the Penal Law, commonly known as resisting arrest. He has made an application that the charges pending against him in the jurisdiction of the Police Court of the City of Troy be certified to the Grand Jury of the County of Rensselaer for indictment and disposition in the County Court.

To warrant the granting of an application for prosecution by indictment, it should appear either: first, that the case presents intricate and complicated questions of fact; or, second, that it presents difficult questions of law; or, third, that a property right is involved; or, fourth, that the decision may become a precedent regulating matter of general interest; or, fifth, that some special reason exists which is likely to prejudice the rights of the defendant or affect injuriously the impartial administration of justice.

It is not contended that a property right is involved or that a decision may be far reaching in its effect, but the applicant does assert in his affidavit that the charges against him involve intricate questions of law and fact. Since experienced lawyers preside in Special Sessions, a mere claim that charges involve complicated and difficult questions of law and fact does not justify removal from Special Sessions.

The defendant further states, however, that the only eye-witness to the events complained of available on his behalf is a resident of the State of Pennsylvania and is now within the State of Pennsylvania and not subject to the process or juris-diction of the Police Court of the City of Troy. This is not disputed. He also states that the only manner in which he can obtain the testimony of this witness is pursuant to the pro-visions of section 636 of the Code of Criminal Procedure. This section provides: '' When an issue of fact is joined upon an indictment, the defendant may have any material witness resid-ing out of the state, examined in his behalf, as prescribed in this chapter, and not otherwise.'' It is undisputed also that it is only after issues of fact are joined upon an indictment that the remedy of the issuance of a commission is available. Wit-nesses for the prosecution were present at the time of the alleged events but without an indictment the defendant cannot obtain the evidence of the only eyewitness who will testify in his defense.

It seems, therefore, that a special and adequate reason exists for granting the application and an order may be submitted accordingly.