William B. Lawless, J.
Defendant seeks an order to take interrogatories of a witness out of the 'State, to ¡be introduced at a hearing which will determine the voluntariness of the alleged confession of the defendant taken on January 15 and 16, 1964, in connection with his prosecution and conviction for murder in the first degree, felony murder. The hearing was granted by this court pursuant to the directive of the Court of Appeals in People v. Huntley (15 N Y 2d 72) in order to comply with the decision of the United States Supreme Court in Jackson v. Denno (378 U. S. 368).
Defendant seeks in particular the testimony of one Ruth O’Farrell, his former wife, who was allegedly present in Syracuse, New York, at the time of the petitioner’s apprehension and interrogation. The witness is now living in California, and has remarried, having previously secured a dissolution of her marriage with the petitioner. .
The People contend that the examination of witnesses on commission out of State is controlled by section 636 of the Code of Criminal Procedure which provides: “When an issue of fact is joined upon an indictment, the defendant may have any material witness residing out of the state, examined in his behalf, as prescribed in this chapter, and not otherwise.”
The People contend that proof , to be presented on a Huntley type hearing is not a joinder of an issue of fact “on an indictment ” within the meaning of the statute. We disagree.
Petitioner is entitled to the commission he seeks. Jackson v. Denno (supra) held that the New York procedure of taking a general verdict is unconstitutional because it fails to make a specific finding on the voluntariness of a confession where the trial court itself does not make such a finding. The purpose of People v. Huntley (supra) is to comply with that deci *403 sion. With respect to trials already concluded, the court has stated that there is no constitutional impediment to using the prior record provided the defendant and the People are permitted to put in additional proof if either side so desires. Although we believe that the Court of Appeals decision itself is authority for granting the commission sought, we do not find the application outside the purview of section 636 of the Code of Criminal Procedure, since we believe that an issue of fact is joined upon the original indictment in the hearing to be held pursuant to People v. Huntley {supra). To hold otherwise would frustrate the purpose of allowing a full hearing on the issue of voluntariness. Motion is granted.