OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant moves, pursuant to CPL article 680, to examine a witness for the defense on commission. The article permits a defendant, following arraignment upon an indictment or an accusatory instrument charging a crime, to take a recorded examination under oath of a witness who is not within the State, primarily on the basis of interrogatories agreed to by the parties in advance. (CPL 680.10.) Such examination, in order to be admissible as evidence, must be conducted according to procedures set forth in the article. First, the defendant must make a sworn pretrial application in writing alleging: the offenses with which the defendant is charged; the status of the action; the name of the prospective witness; a representation that the witness resides outside the State; an address in the jurisdiction where the witness resides; and "a statement that [the witness] possesses information material to the action which in the interest of justice should be disclosed at the trial, together with a brief summary of the facts supporting such statement.” (CPL 680.20 [2] [e].) The court may issue a commission for examination of such a witness, at a designated place outside this State, if the court is satisfied that such person possesses information material to the action which in the interest of justice should be disclosed at the trial, and resides outside the State. (CPL 680.20 [1].) If the commission is allowed and taken according to the procedures specified in the statute, then "[u]pon the trial of the action, either party may * * * introduce and read into evidence the transcript or that portion thereof containing the testimony of a witness examined on the commission.” (CPL 680.80 [2].)
The witness sought here is the defendant’s former wife, who presently resides in New Jersey and who, due to a stroke, is severely disabled and unable to attend a trial in New York. The defendant proposes to have her testify on commission in two areas: as to the events surrounding the defendant’s arrest *585 and the contemporaneous search of their marital home, in support of the defense motion to suppress evidence; and as to events she witnessed during the relationship between the defendant and the complainant, as evidence of the complainant’s bias and hostility to defendant. The People oppose the defendant’s application on several grounds. First, the People assert that the statute does not provide for commissions in regard to pretrial hearings, but is limited to testimony to be given at the trial of the indictment. Second, the People oppose the application on the merits, noting the importance of the jury’s ability to observe witnesses who testify before them and of the court’s supervision of testimony introduced at trial.
CPL article 680 is derived from the former Code of Criminal Procedure, part IV, title XII, chapter IV. (See, McKinney’s Cons Laws of NY, Book 11A, CPL art 680, at 344 [historical note].) The former statute limited commissions to the point in the proceedings "when an issue of fact is joined upon an indictment.” (Code Crim Pro § 636.) This limitation was held to bar commissions in regard to misdemeanor informations (People v Sheldon, 190 Misc 156 [Rensselaer County Ct 1947]), in support of motions for a new trial (People v Morris, 151 Misc 212 [Ct Gen Sessions, NY County 1934]), and during sanity inquests. (People v Haight, 3 NY Crim Rep 60 [1883].) In these cases, the limitation was construed to mean that a commission could be issued only "for the taking of testimony to be used upon a trial” (People v Morris, supra, at 213). However, in a similar case, a commission was allowed for the defendant to examine his former wife who had been present at the time of the defendant’s arrest and interrogation, as to the issue of the voluntariness of the defendant’s statement, to be determined in the newly prescribed Huntley (People v Huntley, 15 NY2d 72) hearing. (People v Augello, 45 Misc 2d 402 [Sup Ct, Erie County 1965].) Although that hearing was conducted after trial and conviction, the court noted that the purpose of the hearing was to correct a constitutional error in not permitting the defendant to have the issue of the voluntariness of his confession addressed either by the court before trial or by the jury in a special verdict at trial in the first instance. (Jackson v Denno, 378 US 368; People v Augello, supra, at 402-403.) The remedy prescribed by the Court of Appeals in cases where such verdicts had been rendered, was for the court to determine the issue independently, using the trial record "provided the defendant and the People are permitted to put in additional proof’, which was the purpose *586 of the commission. (People v Augello, supra, at 403.) Therefore, in effect, the commission in Augello was an examination for the purpose of supplementing trial testimony. The court’s statement that Huntley hearings were within the purview of section 636 of the Code of Criminal Procedure was dicta. This court has found no subsequent opinion applying this dicta.
This court finds that the CPL, by limiting examinations on commission explicitly to use "upon the trial of the action” (CPL 680.80 [2]), precludes use of such examinations in proceedings prior to trial. The statute provides for no other use of testimony taken on commission. (Cf., e.g., CPL 670.10 [2] [permitting the use of testimony given previously by a witness in any part of the same or a related criminal action, in any other part of the action].) The statute defines "trial” in terms of the period following selection of a jury and including "all further proceedings through the rendition of a verdict.” (CPL 1.20 [11] [emphasis added].) Absent exceptional circumstances not pertinent here, hearings on motions to suppress evidence must be held "before trial”, and "the trial may not be commenced until determination of the motion.” (CPL 710.40 [3].) This result is not inconsistent with Augello (supra) to the extent that the defendant may have the issue of voluntariness of a statement the defendant made to law enforcement, submitted to the jury. (CPL 710.70 [3]; see, People v Cefaro, 23 NY2d 283.) No such right exists in regard to motions to suppress physical evidence. (People v Hamlin, 71 NY2d 750, 761.)
The second area of the proposed examination on commission concerns potential evidence at trial, in the form of testimony by a witness who resides outside of the State and whose medical condition renders her unavailable by alternative means. (Cf., e.g., CPL 640.10; People v Carter, 37 NY2d 234, 239.) The witness clearly comes within the statute. (People v Parkinson, 187 Misc 328, 330 [Ct Gen Sessions, NY County 1946].) The proposed testimony concerns the complainant’s previous expressions of hostility or bias toward the defendant. Testimony of this sort is admissible in evidence insofar as it bears on credibility. (Richardson, Evidence § 503 [Prince 10th ed].) Therefore, the proposed testimony concerns admissible evidence which appears material to the action. (Cf., People v Goodman, 43 Misc 508 [Ct Gen Sessions, NY County 1904].) Testimony of this sort has been admitted upon commission in the past. In People v Becker (210 NY 274 [1914]) the trial court allowed examination on commission of several "apparently *587 reputable” residents of Arkansas, "concerning statements and admissions” by a witness for the prosecution "which seriously impeached the testimony which he gave for the People.” (Supra, at 297.)
The defendant’s entire description of the proposed testimony is that the witness "has been present on occasions where the alleged victim has expressed and demonstrated hostility toward the defendant.” This recitation is devoid of detail as to time, place or circumstance, and fails to set forth the specific manner and content of expressions or demonstrations of hostility toward the defendant. Testimony of this sort concerns collateral issues, which may or may not be probative of bias, depending upon the nearness or remoteness of the conduct or words and of the circumstances, to the complainant’s alleged motive to lie. (See, e.g., People v Thomas, 46 NY2d 100, 105; Richardson, Evidence § 504 [Prince 10th ed].) The court cannot determine the admissibility of the proffered testimony, upon such a scant recital of facts.
The determination whether a commission shall issue, rests with the discretion of the court. (People v Carter, 37 NY2d 234, 238, supra.) Even though the technical requirements of the statute are met by a motion for examination on commission, the procedure is reserved for exceptional circumstances where the interests of justice require extraordinary measures. (Supra, at 239.) The reasons are basic: the jury should be able to evaluate the credibility of witnesses in person, and the court should be able to supervise the taking of testimony. (Supra.) Without being able to assess the nature and probable impact of the proposed testimony upon the trial, the court is unable to exercise its discretion in a meaningful manner. The defendant has failed to demonstrate that the testimony is necessary in the interests of justice.
Accordingly the motion is denied, with leave to reargue if the defendant can make a specific offer of proof, as required by the statute.