■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MOORE, Appellant. [629 NYS2d 405] —Judgment, Supreme Court, New York County (Harold Rothwax, J., on motion; Charles Tejada, J., at hearing, trial and sentence), rendered March 25, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 5 to 15 years, 5 to 15 years, 3 to 9 years, $2^{1}/_{3}$ to 7 years, $1^{1}/_{2}$ to $4^{1}/_{2}$ years and 1 to 3 years, respectively, which he is currently serving, unanimously reversed, on the law, and the matter remanded for a new trial.

The prosecution's submission of a lengthy hypothetical to their ballistics expert served as a mid-trial summation, made worse by the implicit imprimatur of an expert (*see, People v Ciaccio*, 47 NY2d 431, 438-439), and unquestionably deprived defendant of a fair trial (*see, People v Buffington*, 29 AD2d 229, *amended* 30 AD2d 773). The hypothetical had little to do with the declared purpose of the expert testimony, analysis of the ballistics evidence, which had otherwise been achieved; instead, it improperly sought to bolster the credibility of the complainant-witness by obtaining an opinion that defendant was guilty. Under the circumstances here, where the cred-

ibility of each side's key witness was questionable, such error mandates reversal.

Defendant's applications for an examination on commission pursuant to CPL article 680 to obtain testimony for his suppression hearing were properly denied because such relief is only available to obtain testimony for a trial (see, CPL 680.10 [1]; 680.80; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 680.10, at 401 [1995 ed]). Such relief sought pursuant to *People v Augello* (45 Misc 2d 402) was also properly denied.

Defendant's article 680 applications seeking to preserve testimony for trial were properly denied on the ground that the supporting proof offered as to the bias of the complaining witness was too speculative and remote and insufficiently detailed to establish the " 'exceptional circumstances' " held necessary in *People v Carter* (37 NY2d 234, 239) to warrant relief. Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.